# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHELLY MALLORY | ) |
| **Plaintiff,** | ) |
| vs. | ) Case No. 18-CV-1277-SMY-DGW |
| DCFS, et al., | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Shelly Mallory filed a suit in this Court on June 14, 2018.[1] As best as the Court can discern, Plaintiff is seeking $9 million ($5 million in compensatory damages and $4 million in punitive damages) for herself and her child from the Illinois Department of Children and Family Services ("DCFS"), several of its employees, "the police," at least one attorney and possibly a state court judge. (Doc. 1). Plaintiff's claims appear to stem from a state court proceeding wherein Plaintiff's child was taken from her custody. Plaintiff has filed a Motion for Leave to Proceed *in forma pauperis* in this Court ("IFP") (Doc. 3). For the following reasons, Plaintiff's Motion for IFP is **DENIED** and the Complaint is **DISMISSED without prejudice**.

Under 28 U.S.C. § 1915, an indigent party may commence a federal court action without paying required costs and fees upon submission of an affidavit asserting the inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Section 1915

---

[1] The case was originally captioned *Malley v. DCFS*. It appears that the misspelling was the result of Plaintiff's handwriting.

is meant to ensure that indigent litigants have meaningful access to the federal courts, and applies to non-prisoner plaintiffs and prisoners alike. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Plaintiff has adequately demonstrated her indigence. In her motion and accompanying affidavit, she states that she is currently unemployed and lists her only income as Social Security payments of $756, presumably per month. She has no other income and no savings. She states that she supports her child. Based on this information, Plaintiff is unable to pay the costs of commencing her lawsuit.

The Court's inquiry does not end there, however, because § 1915(e)(2) requires careful threshold scrutiny of a Complaint filed by a plaintiff seeking to proceed IFP. The Court may dismiss a case if it determines the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense").

In conducting the § 1915(e)(2) screening, the Court is required to determine if the Complaint presents any potentially meritorious factual and legal grounds. The standards for deciding whether to dismiss a case for failure to state a claim under § 1915(e)(2)(B)(ii) are the same as those for reviewing claims under the Federal Rule of Civil Procedure 12(b)(6). *Dewalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). As such, the Complaint must contain allegations that go beyond a merely speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A Complaint "that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). While *pro se* plaintiffs' allegations are given particular lenience and

need not be artfully pled so long as they present a basic story that holds together, if the lack of organization or coherence is too confusing to determine which facts allegedly constitute wrongful conduct, dismissal is appropriate. *See e.g. Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir. 2010); *Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011) (finding the plaintiff's complaint was too verbose and convoluted to justify allowing it to proceed beyond screening even if it did present potentially meritorious claims buried as a needle amongst a haystack).

Plaintiff makes the following allegations and assertions in her Statement of Claims: two DCFS employees "always took my child out of my care + home to make me go off + [illegible] + go tell the Judge all these lies[.] They have slander me + hurt my child [illegible]." (Doc. 1 at 2). "The Judge and DCFS constantly has harass[ed] us[,] stalk[ed] us + refuse[d] to work [with] me or my child[,]" that "Jeanelle [one of the DCFS employees] constantly yelled + screamed at me + my child[,]" that Larry Nicolsen "constantly went + lie every time on the stand" and that "they call and tell my child that I'm crazy." (Id. at 3). Case managers and supervisors "all have done nothing to help us + kept stealing my dogs + just tell my child all kinds of scary + horrible lies." (Id.) Several DCFS-affiliated individuals "all got together [and] wonder[ed] how they are going to start to harass me and my child[,]" and that they told her they were going to call the police and remove her child from her home unless she stopped going to college and quit her job. (Doc. 1 at 5).

Her health has suffered (including two "light strokes" and three "light heart attacks") "due to all [illegible] from the DCFS + the police + judges." (Id.). She requests that defendants "pay my child + me $9 million dollars due[] to all the pain + slandering + making my child mentally ill." (Doc. 1 at 6). Her daughter has PTSD, anxiety and depression. (Id.). She had previously filed a lawsuit against DCFS for "slander, discrimination [illegible] took all of our

rights away last 3 babies due[] to so much stress miscarriages[.]" (Id. at 4). She is still trying to appeal it.

As an initial matter, Rule 8(a)(2) warrants dismissal because its requirement that the statement of a claim be "plain" necessitates that it be intelligible – which Plaintiff's is not. *Stanard*, 658 F.3d at 797–98. Additionally, most if not all of Plaintiff's allegations arise from decisions made by an Illinois court regarding child custody and parental rights. To the extent Plaintiff claims she has been damaged by decisions of a state court, this Court cannot entertain such claims.

It is well-established under the principles of abstention and what is commonly referred to as the *Rooker-Feldman* doctrine that federal courts do not have jurisdiction to meddle in certain state court decisions. Specifically, under the *Rooker-Feldman* doctrine, a federal district court may not grant relief from a plaintiff's injury that "stems from the state judgment—an erroneous judgment perhaps, entered after procedures said to be unconstitutional, but a judgment nonetheless.'" *Garry v. Geils*, 82 F.3d 1362, 1366 (7th Cir. 1996). This also extends to claims that are inextricably intertwined with state court determinations. *Ritter v. Ross*, 992 F.2d 750, 753 (7th Cir. 1993). Therefore, to the extent the Complaint seeks damages from the state court's award of custody and/or termination of parental rights, this Court will not review those claims.

Further, Plaintiff may not bring a *pro se* lawsuit on behalf of her child. "Because the choice to appear *pro se* is not a 'true choice' for minors who cannot determine their own legal actions, minors are entitled to trained legal assistance so that their rights may be fully protected." *Johnson v. Collins*, 5 F. App'x 479, 485 (7th Cir. 2001). Thus, should Plaintiff file an amended complaint as provided below, any claims alleging damages sustained by her minor child must be

addressed separately from Plaintiff's own claims. If the minor's claims pass initial review, the Court will appoint separate counsel to represent her.

For Plaintiff's complaints against DCFS or other individuals which have some basis outside the scope of a state court case, the Court will allow Plaintiff to file an amended complaint within 30 days of this Order. In the amended complaint, Plaintiff must clearly and legibly state who she is suing, the specific facts about what each person or entity did to her or her child to deprive them of a civil right, the full name and current age of her child, as well as the case number and name of the judge for all related court cases. Plaintiff may attach additional sheets of paper if necessary to answer questions in full.

Based on the foregoing, Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice** and her Motion to Proceed *In Forma Pauperis* (Doc. 3) is **DENIED without prejudice**. Plaintiff may file an amended complaint and new motion to proceed IFP within 30 days of this Order. Failure to file a legible amended complaint will result in dismissal of this action without further notice to the Plaintiff.

**IT IS SO ORDERED.**

**DATED:  July 19, 2018**

                                           **s/ Staci M. Yandle**
                                           **STACI M. YANDLE**
                                           **United States District Judge**